IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIC DEMOND LOZANO | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-68 |
| BRYAN COLLIER, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Eric Demond Lozano, a prisoner confined at the LeBlanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) against Bryan Collier, the Executive Director of TDCJ; Rabbi David Goldstein; Darlene TreJo, the Director of Laundry, Food and Supply; Douglas Sparkman, the Assistant Director of Laundry, Food and Supply; and James L. Taylor, the Major of Food Service at the LeBlanc Unit.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order. (Doc. #4.) This Report and Recommendation considers the merits of the Motion.

### Motion for Preliminary Injunction

Plaintiff alleges he is a Sunni Muslim from the Hanafi school of thought. Plaintiff contends that his religious beliefs compel him to observe dietary restrictions. According to Plaintiff, the halal diet he is required to follow is similar to a kosher diet, but it differs in ways that are important to believing Plaintiff and other Muslims. First, Plaintiff states that he must eat meat, and any meat he consumes must be blessed in the name of Allah when it is slaughtered. Next, Plaintiff states that he cannot eat pork, pork byproducts, monoglyceride, lecithin, or whey. Plaintiff states that he cannot eat any fruits or vegetables that are grown with pesticides or harmful ingredients. In addition, Plaintiff cannot eat any food that is cross-contaminated by coming into contact with anything that

previously touched a prohibited food. Finally, Plaintiff contends that his food must be stored, prepared, and served in a manner that keeps it separate from prohibited foods.

For a period of time, Plaintiff was assigned to the Stringfellow Unit, which has a kosher kitchen, and he was provided with kosher meals. On February 2, 2022, Plaintiff was transferred to the LeBlanc Unit, which apparently does not have a kosher kitchen, although Plaintiff receives kosher packets to supplement other food served by the kitchen.

Plaintiff states that the diets offered by TDCJ, which include pork-free diets, meat-free diets, the kosher kitchen vegetarian diet, and the kosher packets do not satisfy his religious obligation to eat halal food. Therefore, Plaintiff seeks injunctive relief requiring Defendants to provide him with halal meals.

## Discussion

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990).

In this case, Plaintiff has not demonstrated a substantial likelihood that he will prevail on the merits. The Fifth Circuit has repeatedly held that the Free Exercise Clause of the First Amendment does not require prison officials to provide an inmate with a special diet consistent with his religious beliefs. *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007); *Kahey v. Jones*, 836 F.2d 948, 951 (5th Cir. 1988); *Udey v. Kastner*, 805 F.2d 1218, 1221 (5th Cir. 1986). With respect to the RLUIPA claim, the Fifth Circuit previously held that TDCJ was not required to accommodate the religious dietary issues of a member of the Nation of Islam who argued that he was required to adhere to a

specific diet conforming to his religious beliefs rather than simply avoiding prohibited foods. *Jones v. Shabazz*, 352 F. App'x 910, 912 (5th Cir. 2009). More recently, the Fifth Circuit affirmed the denial of injunctive relief to a prisoner who sought a more particularized religious meal, agreeing with the district court's conclusion that the defendants had a compelling interest in refusing to provide the plaintiff an individualized diet. *Muhammad v. Wiles*, No. 20-50279, 2022 WL 73047, at *1-2 (5th Cir. Jan. 7, 2022). Because Plaintiff has not demonstrated a substantial likelihood that he will prevail on the merits of his claims, the motion for injunctive relief should be denied.

## Recommendation

Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 25th day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE